UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

 v.               Case No. 04-cr-256-pp

PEDRO RIVAS,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (DKT. NO. 45), VACATING JUDGMENT OF AUGUST 31, 2005 (DKT. NO. 32) AND REDUCING SENTENCE UNDER THE FIRST STEP ACT TO A DETERMINATE SENTENCE OF 199 MONTHS**

  The court thanks the probation office for providing an addendum to the presentence investigation report. Dkt. No. 56. That document corrects the court's calculations as to what the sentencing guidelines would have been for the defendant's convictions on Counts Two, Three, Four, Five and Six had the Fair Sentencing Act of 2010 been in effect at the time of the defendant's offense—Level 31 in criminal history category VI, enhanced under U.S.S.G. §4B1.1(c)(3) because the defendant also was convicted of violating 18 U.S.C. §924(c), for a resulting guideline range of 262 to 327 months. Considering the fact that the charge in Count Seven—possessing a firearm during a drug trafficking offense—carried a mandatory minimum penalty of sixty months, to run consecutively to any other sentence imposed, the defendant's guideline range for Counts Two through Six had the Fair Sentencing Act been in effect at the time he committed his crimes would have been 322 to 387 months.

The court explained in its April 18, 2019 order that the First Step Act does not authorize the court to reduce the 120-month concurrent sentence Judge Charles N. Clevert, Jr. imposed on Count One, or the 60-month, consecutive sentence he imposed on Count Seven. Dkt. No. 54 at 20. The court also has observed that for Counts Two through Six, Judge Clevert varied from the guidelines by imposing a sentence of 170 months—a 47% reduction from the 322-month low end of the then-applicable guideline range. Id. at 11. The court will reduce the defendant's sentence on Counts Two through Six to a sentence of 139 months—approximately 47% below the 262-month low end of the guideline range that would have applied had the Fair Sentencing Act been in effect at the time the defendant committed the offenses of conviction.

The court **GRANTS** the defendant's motion for a modification of the August 31, 2005 sentence. Dkt. No. 45.

The court **VACATES** the judgment entered August 31, 2005. Dkt. No. 32.

The court **ORDERS** that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total of: **one hundred twenty (120) months on Count One; one hundred thirty-nine (139) months on Count Two, to run concurrently to the sentence imposed on Count One; one hundred thirty-nine (139) months on Count Three, to run concurrently to the sentences imposed on Counts One and Two; one hundred thirty-nine (139) months on Count Four, to run concurrently to the sentences imposed on Counts One through Three; one hundred thirty-nine (139) months on Count Five, to run concurrently to the sentences imposed on Counts One through Four; one hundred thirty-nine (139) months on Count Six, to run concurrently to the sentences imposed on Counts One through Five; and sixty (60) months on Count Seven, to run**

**consecutively to the sentences imposed on Counts One through Six; for a total sentence of one hundred ninety-nine (199) months of imprisonment.**

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **three (3) years on Count One; six (6) years on Count Two, to run concurrently with the sentence imposed on Count One; six (6) years on Count Three, to run concurrently with the sentences imposed on Counts One and Two; six (6) years as to Count Four, to run concurrently with the sentences imposed on Counts One through Three; six (6) years as to Count Five, to run concurrently to the sentences imposed on Counts One through Four; six (6) years as to Count Six, to run concurrently to the sentences imposed on Counts One through Five; and three (3) years on Count Seven, to run concurrently with the sentences imposed on Counts One through Six; for a total term of supervised release of six (6) years.**

The court will enter an amended judgment reflecting this sentence.

The court **ORDERS** that all other components of the August 31, 2005 judgment will be incorporated into the amended judgment. If the parties believe that any of the supervised release conditions reflected in the amended judgment require modification, they may file a motion identifying those conditions and suggesting modifications.

Dated in Milwaukee, Wisconsin this 8th day of May, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**